UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO
CIVIL ACTION NO. 4:23-CV-00078-HBB

SHYANN EMBRY
and
LEAH EARLY, Individually and on
Behalf of All Others Similarly Situated                    PLAINTIFFS

VS.

DISCOUNT MOTORS, LLC;
DONALD ADAMS and EDDIE HOWARD                              DEFENDANTS

## MOTION TO STAY DISCOVERY

Defendants, Discount Motors, LLC and Donald Adams, for their motion to stay the discovery in this case, hereby provide the following.

The Plaintiffs allege in this case that the Defendants "rolled back" the odometers on the vehicles that the Plaintiffs purchased form the Defendants and that they are entitled to damages under a variety of legal theories. The Plaintiffs state that they will be seeking that a class should be certified. They have now propounded an exhaustive set of discovery requests, consisting of Requests to Admit, Interrogatories, and Requests for Production of Documents in furtherance of their individual claims, as well as in furtherance of advancing a class action certification.

Discount Motors and Adams recently answered these discovery requests and responded to the majority of them by noting that Defendant Adams has been indicted on criminal charges in the Daviess Circuit Court in Case Number 23-CR-505. Therefore, objection was made to nearly all the requests, as to substantively respond could implicate

the Defendants' 5th Amendment privileges. Accordingly, the Defendants move to stay the discovery in this case, and that the Court issue a protective order until such time as the criminal proceedings referenced herein have been disposed of in the Daviess Circuit Court.

In <u>Landis v. North American Co.</u>, 299 U.S. 248 (1936), The Supreme Court held that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."

Federal courts have rather consistently found "good cause to issue a protective order staying civil discovery when a related criminal proceeding is pending in order to prevent the defendant's use of broad civil discovery to sidestep" the rules governing criminal procedure. <u>State v. Deal</u>, 740 N.W.2d 755, 764 (Minn.2007) (internal quotation marks omitted) (citing <u>Peden v. United States</u>, 512 F.2d 1099, 1103 (Ct.Cl.1975) ("[I]t has long been a practice to 'freeze' civil proceedings when a criminal prosecution involving the same facts is warming up or under way.")).

More directly, a "litigant should not be allowed to make use of the liberal discovery procedures applicable to a civil suit as a dodge to avoid the restrictions on criminal discovery and thereby obtain documents he would not otherwise be entitled to for the use in his criminal trial." <u>Bd. of Governors of Fed. Reserve Sys. v. Pharaon</u>, 140 F.R.D. 634, 639 (S.D.N.Y.1991).

Trial courts possess a wide range of discretion to marshal appropriately both civil and criminal discovery. Preventing such dodges or sidesteps is an appropriate exercise of this discretion because it protects the purposes and policies underlying our procedural rules. In <u>Lehmann v. Gibson</u>, Ky., 482 S.W.3d 375 (2016), the Kentucky Supreme Court

established a non-exhaustive list of factors to consider in determining when a trial court should stay discovery in a civil case pending a resolution of a criminal case arising out of the same proceedings. The Court should consider the following factors: (1) the extent to which the evidentiary material in the civil and criminal cases overlap; (2) the status of the criminal proceeding; (3) the interests of any parties in staying the civil proceeding; (4) the prejudice to any parties from staying the civil proceeding; [ (5) ] the interests of persons that are not parties to the litigation; [ (6) ] court convenience; and [ (7) ] the public interest in the pending civil and criminal actions.

The <u>Lehmann</u> Court went on to hold that the Commonwealth and public share a particularly weighty interest in protecting the integrity of the criminal prosecution. The degree to which the issues in the civil and criminal proceedings overlap, then, is particularly important. The more overlap, "the more likely that allowing civil discovery will jeopardize the integrity of the criminal proceeding" as using that discovery may become an "irresistible temptation" to gain an advantage in the criminal proceeding.

Here, nearly all the factors weigh in favor of staying the proceedings in the civil matter now pending. Unquestionably, the facts underlying the criminal prosecution appear to overlap with the facts underlying the misconduct charges against Adams in the Daviess Circuit Court. So far in the criminal prosecution, Adams has been charged, arraigned, and pleaded not guilty.

In <u>Maloney v. Gordon</u>, 328 F.Supp.2d 508 (D. Del. 2004) the Court noted: "[t]he similarity of the issues underlying the civil and criminal actions is considered the most important threshold issue in determining whether or not to grant a stay." <u>Id</u>. at 511 (citation omitted). The <u>Maloney</u> Court then explained, "The strongest case for deferring civil

proceedings until after completion of criminal proceedings is where a party under indictment for a serious offense is required to defend a civil action involving the same matter." Id. (citation omitted).

Further, Lehmann directs the court to consider the status of the criminal proceeding. This factor must not be overlooked, as the status of the criminal case "can have a substantial effect on the balancing of the equities." Id. at 512 (citation omitted). In fact, Maloney noted that, "[i]f criminal indictments are returned against the civil defendants, then a court should strongly consider staying the civil proceedings until the related criminal proceedings are resolved." Id. (citations omitted). This is true because "[c]ivil proceedings, if not deferred, can undermine a defendant's rights, including the privilege against self-incrimination under the Fifth Amendment of the United States Constitution." Id. (citation omitted).

More importantly, the civil interests in resolving this matter do not outweigh Adams' interest in asserting his fundamental constitutional right against self-incrimination. This Fifth Amendment right is so fundamental that it was enshrined in our nation's Bill of Rights and in our Commonwealth's Constitution. It is a constitutionally guaranteed right and, undoubtedly, it should be afforded great weight. Further, the public's interest in the integrity of the criminal case is entitled to precedence over the civil litigant.

Adams has, and will, suffer increased difficulties because of the parallel criminal charges and disciplinary charges, to include (1) the quandary of asserting his Fifth Amendment right against self-incrimination and defending himself fully in both proceedings; and (2) the overlap of evidence from the disciplinary proceeding allowing its use in the criminal case and vice versa.

Clearly, the balance of equities in this case favored allowing the matter to be stayed so that Adams' 5th Amendment privileges can be protected, instead of allowing the Plaintiffs to move ahead with their civil proceedings. The public interest in an expedited resolution of a civil claim clearly does not outweigh a constitutionally protected interest against self-incrimination.

Wherefore, an order issuing a stay and order of protection are respectfully requested.

This 26th day of December, 2023.

/s/ Matthew J. Baker
Matthew J. Baker
911 College Street, Suite 200
Bowling Green, KY  42101
Telephone:  (270) 746-2385
Facsimile:  (270) 746-9621
E-Mail:   mbakerlaw@bellsouth.net

**CERTIFICATE OF SERVICE**

I hereby attest that on December 26, 2023, a copy of the foregoing Motion was electronically filed with the clerk of court by using the CM/ECF system, which will send a notice of electronic filing to all attorneys of record.

Rob Astorino, Jr.
Stein Whatley Attorneys, PLLC
2525 Bardstown Road, Suite 101
Louisville, KY  40205

Joseph D. Satterley
Paul J. Kelley
Paul J. Ivie
Sean A. McCarty
SATTERLEY & KELLEY, PLLC
8700 Westport Road
Suite 202
Louisville KY  40242

Eddie Howard
3826 Fogel Drive
Owensboro, KY  42301
*Via U. S. Mail*

                /s/ Matthew J. Baker
                Matthew J. Baker