**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**OWENSBORO DIVISION**
**CIVIL ACTION NO. 4:23-CV-00078-HBB**

**SHYANN EMBRY, et al.**                                                          **PLAINTIFFS**

**VS.**

**DISCOUNT MOTORS, LLC, et al.**                                        **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Before the Court is the motion of Defendants Discount Motors, LLC, and Donald Adams for a stay of discovery (DN 24).  Plaintiffs have filed a response (DN 25).  Defendants have not filed a reply, and the motion stands submitted for ruling.

Plaintiffs assert this claim as a class action, alleging that Defendant Discount Motors, through Defendants Eddie Howard and Donald Adams, tampered with the odometers of vehicles and made false representations of the actual mileage of the vehicles sold to a large number of customers (DN 1 PageID # 2).  Adams has been indicted on related criminal charges in state court (DN 24 PageID # 111, 113).

Discount Motors and Adams contend in their motion that the Plaintiffs have propounded extensive written discovery requests, including requests for admission, interrogatories, and requests for production of documents.  Discount Motors and Adams responded to the discovery requests, asserting objections to the majority based on the Fifth Amendment privilege against self-incrimination.  They now ask that all discovery in the case be stayed pending resolution of the criminal charges against Adams.  In support of their motion, Defendants cite and discuss various

cases for the proposition that the Court should utilize its inherent power to manage litigation so that discovery in a civil case does not impair a party's defense in a related criminal matter.

As Plaintiffs point out, the discovery requests they have submitted in the case thus far are only directed to Discount Motors, and not to Adams. No criminal charges are pending against Discount Motors (DN 25 PageID # 126). Moreover, Discount Motors is a business entity (DN 25-5 PageID # 157). As a limited liability company, like other corporate entities, Discount Motors is not entitled to assert a privilege against self-incrimination under the Fifth Amendment. "It has long been settled in federal jurisprudence that the constitutional privilege against self-incrimination is 'essentially a personal one, applying only to natural individuals.' It 'cannot be utilized by or on behalf of any organization, such as a corporation.'" George Campbell Painting Corp. v. Reid, 392 U.S. 286, 288-89 (1968) (quoting United States v. White, 322 U.S. 694, 698-99 (1944)).

Turning next to Adams, the undersigned notes that he joined in Discount Motors' responses to discovery requests directed solely to Discount Motors, and asserted, along with Discount Motors, objections to most of the requests based on Fifth Amendment protection. As previously noted, Discount Motors may not assert the objection. Adams' motion does not advance any argument as to his entitlement to assert a Fifth Amendment objection, on his own part, to discovery requests directed to another party. To the extent he is called upon to act as a records custodian in the production of documents on behalf of Discount Motors, he may not assert a Fifth Amendment opposition on that basis. *See* In re Grand Jury Subpoena (John Doe, Inc.), 991 F. Supp. 2d 968, 973-76 (E.D. Mich. 2014)). Adams has failed to demonstrate how any of the discovery requests propounded to Discount Motors infringe upon his personal right not to be compelled to provide incriminating evidence under the Fifth Amendment.

2

It is against this backdrop that consideration turns to the larger issue of whether discovery in the case should be stayed generally.  When considering whether to grant a stay, courts consider and balance several factors, including:

> (1) the extent to which the issues in the criminal case overlap with those presented in the civil case;

> (2) the status of the case, including whether the defendants have been indicted;

> (3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay;

> (4) the private interests of and burden on the defendants;

> (5) the interests of the courts; and

> (6) the public interest.

FTC v. E.M.A. Nationwide, Inc., 767 F.3d 611, 627 (6th Cir. 2014) (quoting Chao v. Fleming, 498 F. Supp. 2d 1034, 1037, (W.D. Mich. 2007)).  In addition, district courts should consider the extent to which the defendant's Fifth Amendment rights are implicated.  Id. at 627-28.

As to the first factor, the claims asserted in this civil action and the charges lodged against Adams in the criminal action appear to overlap.  While Plaintiffs represent in their Response that the vehicles specifically sold to them are not part of the criminal action, they pursue this as a class action and, therefore, it is reasonable to anticipate that many if not all the vehicles related to the criminal charges were sold to putative class members.  This factor weighs in favor of Adams, but not against Discount Motors, as it is not subject to any criminal proceedings.  The same holds true for the second element, as Adams has been indicted.  Again, Discount Motors has not.

The third factor weighs in favor of Plaintiffs.  Plaintiffs represent that that Adams has disposed of or transferred a portion of his assets since the case was filed (DN 25 PageID # 127).

Adams has not disputed this representation.  Consequently, Plaintiffs' interest in moving the matter forward expeditiously is favored.

As to the private interest and burden on Adams, if discovery moves forward regarding his participation in the alleged wrongful conduct, he will be entitled to assert his Fifth Amendment privilege against self-incrimination.  On the other hand, Discount Motors is not entitled to assert such an objection, and Howard has not sought a stay of discovery.  Consequently, the value of advancing the case, at least regarding Discount Motors and Howard, weighs against a complete stay of discovery in the case.  This likewise favors the Court's efficiency and the public's interest.

In sum, the factors weigh in favor of a stay of discovery regarding Adams, but not Discount Motors.  Howard has not sought a stay.

**WHEREFORE**, the motion of Defendants Discount Motors, LLC and Donald Adams to stay discovery, DN 24, is **GRANTED IN PART and DENIED IN PART**.  Discovery is stayed regarding Defendant Adams.  Discovery is not stayed regarding Defendant Discount Motors, LLC.

February 9, 2024

**H. Brent Brennenstuhl**
**United States Magistrate Judge**

Copies to:      Counsel of Record