IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

| | |
|---|---|
| SHYANN EMBRY, et. al., ) | |
| Individually and on Behalf of ) | |
| All others Similatly Situated ) | CIVIL ACTION NO. 4:23-cv-78-HBB |
| ) | |
| Plaintiffs ) | |
| ) | |
| v. ) | |
| ) | |
| DISCOUNT MOTORS, LLC, et al., ) | |
| ) | |
| Defendants. ) | |

**FIRST AMENDED CLASS ACTION COMPLAINT**

Come the Plaintiffs, Shyann Embry and Leah Early, through counsel, on behalf of themselves and behalf of all other similarly situated, and for their First Amended Class Action Complaint against the Defendants Discount Motors, LLC, Donald Adams, and Eddie Howard, state as follows:

**I. INTRODUCTION**

1. This is a class action lawsuit for damages under 49 U.S.C. § 32701 *et. seq.* and state law against a motor vehicle reseller who defrauded a large number of customers via odometer rollbacks. Plaintiffs allege that Discount Motors, LLC through its owners and salespersons Eddie Howard and Donald Adams tampered with the odometer and falsely represented the actual mileage of vehicles which were sold to a large number of customers. Plaintiffs further allege that Defendants had actual knowledge of the false odometer numbers at the time of sale. Plaintiffs further allege all actions were ratified by Discount Motors, LLC, and that Defendants violated several state laws of Kentucky simply by enacting this scheme.

## II. JURISDICION AND VENUE

2. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331 which provides for original district court jurisdiction over cases presenting federal questions. It is further conferred by a jurisdictional provision in 49 U.S.C. § 32710 allowing this specific claim to be filed in United States District Court.

3. Jurisdiction over the state law claims is conferred upon this Court by 28 U.S.C. § 1367, which provides for supplemental jurisdiction over state law claims which are so related to the federal law claims that they form one case or controversy for Article III purposes.

4. Upon information and belief this is the only district where a substantial portion of the events or omissions giving rise to the claims to all class members as set forth in this lawsuit took place and; therefore, venue in this district is proper pursuant to 28 U.S.C. § 1391.

## III. PARTIES

5. The plaintiff, Shyann Embry ("Embry"), at all times material hereto was and is a resident of Kentucky.

6. The plaintiff, Leah Early ("Early"), at all times material hereto was and is a resident of Kentucky.

7. The defendant, Discount Motors, LLC ("Discount Motors"), is a limited liability company organized under Kentucky law, with its principal place of business in Owensboro, Kentucky.

8. The defendant, Eddie Howard ("Howard"), at all material times hereto was and is a resident of Kentucky and/or performed material actions related to this lawsuit in Kentucky subjecting him to personal jurisdiction of this District.

9. The defendant, Donald Adams ("Adams"), at all material times hereto was and is a resident of Kentucky and/or performed material actions related to this lawsuit in Kentucky subjecting him to the personal jurisdiction of this District.

### IV. NATURE OF DEFENDANTS' CONDUCT COMMON TO ALL CLASS MEMBERS

10. Upon information and belief, Defendants conspired to alter the odometer readings, and thus the reported mileage, of vehicles sold at their car lot located at 623 W 9th St, Owensboro, KY 42301 beginning in 2019 ("the Lot").

11. The Defendants, individually and conspiracy with one another, used a peripheral device to digitally "roll back" the odometers of vehicles prior to placing them on the Lot for sale.

12. Upon information and belief, Defendants used the rolled back odometers and willfully misrepresented mileage of cars sold at the Lot to Plaintiffs and Class members throughout the Class Period.

13. The sales contracts for all vehicles that Defendants sold at the Lot were federally mandated to be accompanied by odometer disclosure statements.

14. Upon information and belief, the purchase contracts for vehicles sold to Plaintiffs and Class members at the Lot stated the mileage reflected on the altered odometers.

15. Upon information and belief, the odometer statements were represented to be the true and accurate mileages of vehicles purchased by Plaintiffs and Class members at the time of sale.

16. The purchase contracts for all vehicles sold to Plaintiffs and Class Members at the Lot were entered into in Daviess County, Kentucky.

17. On or about April 13, officers with the Owensboro Police department executed a search warrant on Discount Motors LLC. Defendant Donald Adams and Defendant Eddie Howard

were arrested on criminal charges related to the odometer fraud following execution of the search warrant.

18.    Following the arrest of Adams and Howard, multiple news organizations have published articles concerning the Defendants' odometer fraud. It was only after the police investigation became public that Plaintiffs and Class members were made aware that they had been harmed by the Defendants' conduct described herein.

19.    Plaintiffs allege: (i) that Defendants individually and in conspiracy with one another committed the conduct described herein; (ii) that the Defendants named above knowingly and/or negligently participated in, acquiesced in, encouraged, implicitly authorized, explicitly authorized, implicitly approved and/or explicitly approved the conduct described herein; and/or (iii) that Defendants' conduct was intentional, deliberately indifferent, negligent, and/or grossly negligent with regard to their legal responsibilities and the consumer rights of Plaintiffs and the proposed Class, and justifies an award of actual and punitive damages as well as attorney's fees.

### V. FACTUAL BASIS OF PLAINTIFFS' CLAIMS

20.    On August 20, 2021 Plaintiff Embry and Discount Motors entered into a contract to provide a 2011 Chrysler Town and County VIN# 2A4RR5DG6BR783829 (the "Embry Vehicle") in exchange for around $10,000.00 to be made in payments.

21.    On January 2, 2023 Plaintiff Early and Discount Motors entered into a contract to provide a 2009 Nissan Altima VIN# 1N4AL21E99N530300 (the "Early Nissan") in exchange for $5,894.99.

22.    On April 13, 2021 Plaintiff Early and Discount Motors entered into a contract to provide a 2008 Pontiac Grand Prix VIN# 2G2WP552781114174 (the "Early Pontiac") in exchange for approximately $3,925.00

23. Howard and/or Adams was the salesperson who made all representations to Embry and Early regarding the vehicles and completed the sale contracts on behalf of Discount Motors.

24. Embry's contract contained a federally mandated odometer disclosure statement which stated the Embry Vehicle had 122,184 miles on the odometer at the time of sale.

25. Early's contract for the Early Altima contained a federally mandated odometer disclosure statement which stated the Early Altima had 140,428 miles on the odometer at the time of sale.

26. Upon information and belief, Early's contract for the Early Pontiac contained a federally mandated odometer disclosure statement which stated the Early Pontiac had 101,862 miles on the odometer at the time of sale.

27. The odometer statements also represented that these were the true and accurate mileages on the vehicles at the time of sale.

28. The contracts were entered into in Daviess County, KY.

29. Embry and Early took possession of the Vehicles and began using them as a personal means of transport.

30. At some point after the sale Embry and Early became aware of possible odometer discrepancies.

31. Embry sought out an Infotracer report which listed the true mileage of the Early Altima as 189,496 at or before the time of sale.

32. Early sought out a Carfax report which listed the true mileage of the Embry Vehicle as 198,613 at or before the time of sale.

## VI. CLASS ACTION ALLEGATIONS

33.     Plaintiffs bring this action as a class action pursuant to Federal Rule of Civil Procedure 23 upon the following class of similarly situated persons:

**All individuals who purchased a vehicle from Discount Motors, LLC located in Owensboro, Kentucky from January 1, 2019 to April 13, 2023 with a certificate of title which disclosed odometer mileage that was lower than the odometer mileage on that vehicle's certificate of title when Discount Motors acquired it.**

The following are expressly excluded from the Class: (1) any Judge presiding over this action and members of their immediate family; (2) Discount Motors' subsidiaries, parents, successors, predecessors, and any entity in which Discount Motors has a controlling interest; (3) All current and former employees, officers, and members of Discount Motors LLC, its subsidiaries, parents, successors, predecessors, and any entity in which it has a controlling interest; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiffs' counsel and counsel for the Defendants; and (6) the legal representatives, successors, and assigns of any such excluded persons.

34.     The Class members are so numerous that joinder of all members is impracticable. Upon information and belief, there are potentially over one hundred people who are members of the proposed Class. The precise number of Class members may be ascertained through discovery.

35.     There are a myriad of questions of law and fact which are common to members of the proposed Class. Such common questions of law and fact include, but are not limited to:

    a. Whether the Defendants possessed a device that was capable of altered odometer mileages from January 1, 2019 to April 13, 2023;

    b. Whether the Defendants conspired to mispresent the mileage of vehicles they sold to Class members;

    c. Whether Defendants altered the odometer readings on Class members' vehicles;

    d. Whether the Defendants' conduct is a violation of 49 U.S.C. § 32701 *et. seq.*;

    e. Whether incorrect odometer readings on the vehicles sold be Defendants inflated the price the Plaintiffs and Class members paid for the vehicles they purchased from Defendants;

    f. Whether punitive damages are available to Plaintiffs and Class members pursuant to 49 U.S.C. § 32701, *et. seq.*;

36. All of Plaintiffs' and Class members' claims arise from the Defendants' single course of conduct wherein they altered the odometers of vehicles sold to Plaintiffs and Class members. Thus, questions of law and fact that are common to the class, including but not limited to those stated in paragraph 35, *supra*, will predominate over any questions that may affect particular class members.

37. Plaintiffs' Claims are typical of the claims of the Class as a whole. Plaintiffs and Class members suffered as a result of the same wrongful actions by Defendants, i.e., they purchased vehicles from Defendants with odometer alterations. Plaintiffs' and Class members are entitled to statutory and/or actual damages because of the altered odometers on vehicles they purchased from Defendants.

38. Plaintiffs will fairly and adequately protect the interests of the Class because they have no interests that are antagonistic to those of other Class members. Plaintiffs have retained attorneys experienced in consumer class actions and complex litigation as counsel.

39. Class action status is warranted in this action because prosecution of separate actions by the members of the Class would create a risk of adjudications that, as a practical matter, would be dispositive of the interests of other members not parties to this action, or that would substantially impair or impede their interests. Individual adjudications would further create a risk of inconsistent verdicts on liability with respect to individual Class members.

40. A Class action is the superior method of adjudication in this action for the following reasons:

   a. Given the size of individual Class member's claims and the expense of litigating those claims, few, if any, Class members could afford to or would seek legal redress individually or the harms they have suffered as a result of the Defendants' action;

   b. This action will promote an orderly and expeditious administration and adjudication of the proposed Class's claims, economies of time, effort, and resources will be fostered, and uniformity of decisions will be insured;

   c. Plaintiffs are unaware of any difficulty that will be encountered in the management of this litigation which would preclude its maintenance as a class action.

41. Upon information and belief, Defendants have, or have access to, address information for the Class members, which may be used to provide notice of the pendency of this class action and/or provide efficient administration of damages awarded on a class basis.

## VII. FEDERAL CAUSE OF ACTION

### Count I – Violation of 49 U.S.C. § 32701 *et. seq.*

42. Paragraphs 1-41 above are incorporated herein by reference and made this Paragraph 42.

43.     Defendants disconnected, reset, and/or altered the odometer on Vehicles sold at the Lot in a manner which violates 49 U.S.C. § 32703 and/or 49 U.S.C. § 32704.

44.     Defendants, with intent to defraud, gave a false statement of the Vehicles' mileage when each transferred the Vehicles to a new purchaser.

45.     49 U.S.C. § 32710 provides for a private right of action, statutory damages, costs, and attorney's fees.

46.     At all times material hereto, defendants, Howard and Adams, were an agents, servants and/or employees of defendant Discount Motors, and were acting within the course and scope of that agency, servitude and/or employment. In addition, Defendant Discount Motors, ratified the actions of Defendants, Howard and Adams, and, therefore, Defendant, Discount Motors, is jointly and severally liable, for any judgment obtained herein against Defendants Howard and Adams, including but not limited to punitive damages and attorney's fees.

## VIII. KENTUCKY STATE LAW CAUSES OF ACTION

### Count II – Tampering with Odometer

47.     Paragraphs 1-46 above are incorporated herein by reference and made this Paragraph 47.

48.     Tampering with an odometer is codified by KRS 190.260 *et. seq.* and states that anyone with the intent to defraud, alters an odometer, fails to disclose actual mileage of a vehicle, or fails to repair an odometer in a specific manner has committed an illegal act.

49.     Defendants engaged in conduct which violates KRS 190.260 *et. seq.*

50.     Tampering with an odometer is applicable to civil cases through KRS 446.070 which states that persons injured by violation of any statute may recover from the offender such damages as sustained by violation of the statute, regardless if a penalty is imposed.

51. At all times material hereto, Defendants Howard and Adams, were an agents, servants and/or employees of Defendant Discount Motors, and were acting within the course and scope of that agency, servitude and/or employment. In addition, Defendant Discount Motors, ratified the actions of Defendants Howard and Adams, and, therefore, Defendant Discount Motors, is jointly and severally liable, for any judgment obtained herein against Defendants Howard and Adams including but not limited to punitive damages and attorney's fees.

### IX. Damages

52. Paragraphs 1-51 above are incorporated herein by reference and made this Paragraph 52.

53. Plaintiffs and Class members are entitled to recover statutory damages, costs, and attorney's fees to the full extent allowed by law. Plaintiffs and Class members are also entitled to recover damages for reduction in value, loss of use, and out of pocket costs. The violation of Plaintiffs' and Class members' statutory and common law rights was fraudulent, malicious, and evinced a total and reckless disregard for his rights, entitling plaintiffs and Class members to recover punitive damages to deter such conduct in the future. This relief and these damages are proper under KRS 411.184 and 411.186.

**WHEREFORE**, Plaintiffs request trial by jury of all allegations set forth herein, and that plaintiffs be awarded all damages sought in Paragraph 53, including actual, statutory, and punitive damages, pre- and post- judgment interest at the maximum legal rate, costs, attorneys' fees and all other relief to which he is entitled under law or in equity.

Respectfully submitted,

/s/Rob Astorino Jr.
Rob Astorino Jr.
STEIN WHATLEY ASTORINO, PLLC
2525 Bardstown Road, Suite 101

Louisville, KY 40205
(502) 553-4750
(502) 459-2787 (f)
rastorino@steinwhatley.com

and

Joseph D. Satterley, Esq.
Paul J. Kelley, Esq.
Paul J. Ivie, Esq.
Sean A. McCarty, Esq.
Kyle L. Johnson, Esq.
SATTERLEY & KELLEY, PLLC
8700 Westport Road, Suite 202
Louisville, KY 40242
Telephone: 502-589-5600
Facsimile: 502-814-5500
jsatterley@satterleylaw.com
pkelley@satterleylaw.com
pivie@satterleylaw.com
smccarty@satterleylaw.com
kjohnson@satterleylaw.com
*Counsel for Plaintiffs and the Class*