UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:23-CV-00078-HBB

**SHYANN EMBRY, et al.**                          **PLAINTIFFS**

**VS.**

**DISCOUNT MOTORS, LLC, et al.**                      **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Before the Court are two motions for summary judgment, one filed by Defendant Donald Adams at DN 38 and the other by Defendant Eddie Howard at DN 42. The parties have consented to the undersigned's exercise of dispositive authority pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 (DN 13, 16). For the foregoing reasons, the two motions for summary judgment (DN 38, 42) are **DENIED**.

## NATURE OF THE CASE

Defendant Discount Motors is a Kentucky limited liability company (DN 43-4, p. 3). Defendant Don Adams owns and is employed by Discount Motors (*Id.*). Defendant Eddie Howard was an employee (*Id.*). Plaintiffs Shyann Embry and Leah Early purchased used vehicles from Discount Motors (DN 40, p. 4). They allege that the Defendants manipulated the odometers on the vehicles to misrepresent the mileage in violation of the Federal Odometer Act (*Id.* at pp. 5). They further allege that the Defendants similarly manipulated the odometers and misrepresented the mileage of a large number of vehicles sold to other purchasers and assert claims both individually and as representatives of a class (*Id.* at pp. 3-4, 6-9).

DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT

Adams and Howard argue that Discount Motors is a Kentucky limited liability company in good standing and the Plaintiffs' contracts to purchase their automobiles were with Discount Motors (DN 38, p. 1; DN 42, p. 1). Adams argues that Kentucky law does not impose liability upon a member for the actions of the LLC (DN 38, pp. 1-2). Howard, proceeding *pro se*, joins in Adams' motion and incorporates it by reference (DN 42, pp. 1-2). Of note, however, there is no indication in the record that Howard is a member, as opposed to an employee, of the LLC.

In support of his motion, Adams cites *Pannell v. Shannon*, 425 S.W.3d 58 (Ky. 2014) for the proposition that an officer or agent of a corporate entity entering into a contract on behalf of the entity cannot be held personally liable unless the individual signs the agreement in their personal capacity (DN 38, pp. 1-2). Turning to the Plaintiffs' First Amended Class Action Complaint, Adams emphasizes that they have alleged the Plaintiffs "and Discount Motors entered into a contract" to sell the automobiles in question (DN 46, p. 1) (citing DN 40, ¶¶ 20-22). Given that Adams did not personally contract with the Plaintiffs to sell the cars, he contends that he cannot be liable for the actions of the LLC (DN 38, p. 2; DN 46, p. 2). Howard argues the same (DN 42, p. 1).

The issue Defendants present is a narrow one of law – whether the Plaintiffs' claims sound only against the LLC. To this end, the Plaintiffs argue that the Federal Odometer Act creates a private right of action against the individual defendants and Kentucky's LLC law does not insulate them from individual liability (DN 43, pp. 7-12). The undersigned agrees.

DISCUSSION

To grant a motion for summary judgment, the Court must find that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a). The moving party bears the initial burden of identifying the basis for its motion and the parts of the record that demonstrate an absence of any genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court must determine whether "the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Patton v. Bearden*, 8 F.3d 343, 346 (6th Cir. 1993) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The evidence, all facts, and inferences that may be drawn from the facts must be viewed in the light most favorable to the nonmovant. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Once the moving party shows there is an absence of evidence to support the nonmoving party's case, the nonmoving party must present "significant probative evidence" to demonstrate that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Phillip Morris Cos.*, 8 F.3d 335, 339-40 (6th Cir. 1993). Conclusory allegations are not enough to allow a nonmoving party to withstand a motion for summary judgment. *Id.* at 343. "The mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmoving party]." *Anderson*, 477 U.S. at 252. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 249-50 (citations omitted).

Here, there are no disputes regarding the facts of the case. The question turns on application of the law to the facts.

The Federal Odometer Act provides that no person may "disconnect, reset, alter, or have disconnected, reset, or altered, an odometer of a motor vehicle intending to change the mileage registered by the odometer." 49 U.S.C. § 32703(2). The prohibition is further extended to conspiring to violate the statute. *Id.* at § 32703(4). Further, the Act creates a private right of action

3

for violation of the statute. *Id.* at § 32710(b). A person found to have violated the statute with intent to defraud is liable for three times the actual damages or $10,000, whichever is higher. *Id.* at § 32710(a).

The Defendants' argument that they did not personally contract with the purchasers is unavailing. Liability under the statute is not limited to the contract with the "transferor," and a Plaintiff need only allege that the individual engaged in the prohibited conduct or conspired to do so. *See Rowan v. Max Auto Mall, Inc.*, No. 01 C 3648, 2002 U.S. Dist. LEXIS 2202, *4-5 (N. D. Ill. Jan. 29, 2002). As one court astutely observed:

> The Odometer Act's provisions apply to all "persons." The term person includes "corporations, companies, associations, firms, partnerships, societies, joint stock companies and individuals." The term also includes owners, employees, or agents of car dealers. . . . Any human being or business entity that violates any section of the Act may be held liable.

*Rife v. Randolf Ezrre Wholesale Auto Sales, LLC*, No. CV-19-04689-PHX-DLR, 2022 U.S. Dist. LEXIS 21480, *8 (D. Ariz. Feb. 7, 2022) (citation omitted). To that end, the Plaintiffs' First Amended Complaint alleges that the Defendants "conspired to alter the odometer readings, and thus the reported mileage, of vehicles sold at their car lot . . .." (DN 40 at ¶ 10). The Plaintiffs further allege that the Defendants "individually and conspiracy with one another, used a peripheral device to digitally 'roll back' the odometers of vehicles before placing them on the Lot for sale." (*Id.* at ¶11). Consequently, Plaintiffs' claims against Adams and Howard are not dependent upon a contractual relationship.

Kentucky law shields members from vicarious personal liability for actions or obligations of an LLC. Specifically, KRS 275.150(1) provides that "no member, manager, employee or agent of" an LLC shall be liable for any "debt, obligation or liability" of the LLC, "whether arising in contract, tort or otherwise." Moreover, a member, manager, employee, or agent of an LLC bears

4

no liability for the misconduct of another member, manager, employee, or agent of the LLC. *Id.* This protection is subject, however, to a critical qualification: the protection does not extend to "the liability of a member, manager, employee, or agent of a limited liability company for his or her own negligence, wrongful acts, or misconduct." KRS 275.150(3). "[U]nder Kentucky law, a member or manager of a [sic] LLC can be held personally liable for his own wrongful acts or misconduct even if he was acting on behalf of the LLC." *5ifth Element Creative, LLC v. Kirsch*, No. 5:10-cv-255-KKC, 2010 U.S. Dist. LEXIS 131269, *6 (E.D. Ky. Dec. 9, 2010); *see also Dzurilla v. All Am. Homes, LLC*, No. 5:07-CV-239-KSF, 2010 U.S. Dist. LEXIS 155, *8 (E.D. Ky. Jan. 4, 2010) ("While mere status as a manager of an LLC will not subject a person to liability, the statute does not preclude liability for the manager's own tortious conduct. Agents may also be held liable for their own acts."); *MMCPM Logistics, LLC v. Clarity Retail, LLC*, No. 2:21-CV-15 (WOB-CJS), 2022 U.S. Dist. LEXIS 65767, *8-9 (E.D. Ky. April 8, 2022).

The Defendants' argument that they must have contracted with the Defendants in order to bear liability under the Act is incorrect. Likewise, their argument that the involvement of the LLC in the sale of the vehicles shields them from liability is unavailing. Beyond these two arguments, the Defendants have not otherwise challenged the sufficiency of the Plaintiffs' evidence of culpability to withstand challenge on summary judgment.

**WHEREFORE**, the motions of Defendants Adams and Howard for summary judgment are **DENIED**.

September 10, 2024

*H. Brent Brennenstuhl*
**H. Brent Brennenstuhl**
**United States Magistrate Judge**

Copies to:   Counsel of Record
             Eddie Howard, *pro se*