UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:23-CV-00078-HBB

**SHYANN EMBRY et al.**                                                                                         **PLAINTIFFS**

**VS.**

**DISCOUNT MOTORS, LLC et al.**                                                                      **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

Before the Court is Intervening Party Eddie T. Howard Irrevocable Trust's ("Trust") motion (DN 98) to reconsider and vacate the Court's prior Order at DN 74 granting an injunction. Plaintiffs have filed a Response at DN 110. The Trust has not filed a Reply.

### Case Background

Plaintiffs Shyann Embry and Leah Early purchased used cars from Defendant Discount Motors, LLC. Defendant Donald Adams is the LLC's sole member and an employee. Eddie Howard was also an employee. Plaintiffs filed the Complaint as a putative class action, alleging that Discount Motors, through its agents Adams and Howard, fraudulently "rolled-back" the mileage on vehicle odometers so as to increase their retail value in violation of state and federal laws (DN 1, p. 3). At DN 57 the Court granted class certification. At DN 65 the Court granted partial summary judgment in favor of Plaintiffs on the issue of liability, reserving the issue of damages for further adjudication.

Plaintiffs subsequently filed a motion for an injunction against Defendants to prohibit dissipation of assets on which an eventual judgment on damages might be executed (DN 70). In

their motion, Plaintiffs outlined several financial transactions by Defendants which suggested efforts to shield assets, including Defendant Howard's establishment of a trust into which he transferred ownership of his residence (DN 70, pp. 2-5).  None of the Defendants filed objections or responses to the Plaintiffs' motion.  Included in Plaintiffs' motion was a request "that upon the appointment of a receiver the roughly three hundred and fifty thousand dollars ($350,000.00) seized from Discount Motors by the Owensboro Police Department shall be placed into possession of the receiver" (DN 70-1, p. 3).  At DN 72 the undersigned requested that Plaintiffs supplement their motion with authority for the Court's ability to order the Owensboro Police Department to disgorge funds seized during a state criminal investigation to a receiver appointed in this civil action.  Plaintiffs supplemented their motion with authority as requested (DN 73).  At DN 74 the undersigned granted the motion for injunctive relief.  Pertinent to the present motion, the Order provided in part:

> Defendants are enjoined from withdrawing, transferring, or otherwise receiving any benefit from any trust (including but not limited to the Eddie T. Howard Irrevocable Trust) or corporate entity (including but not limited to LLCs) other than publicly traded corporations.  Plaintiffs shall be responsible for serving this Order on any trustee or corporate entity who shall then confirm compliance or object within 10 days of service.
>
> . . . .
>
> IT IS FURTHER ORDERED that any assets found to be placed in trust, dissipated, transferred, or otherwise disposed of after April 13, 2023 be disgorged and placed into the possession of the receiver, upon the appointment of a receiver.

(DN 74, pp. 1, 4).

Shortly after entry of the Order, Cortney Michelle Skinner, as Trustee of the Howard Trust, filed an objection (DN 80).  The objection, however, sought neither intervention nor relief.  Progress in the case came to a halt on June 26, 2025, when Howard filed a notice of bankruptcy (DN 95).

## The Trust's Motion

The Trust has intervened in this action for the limited purpose of moving that the injunctive order be vacated.[1] The Trust contends:

> The Injunction Order effectively prevents the Trust from operating. The Trust's bank froze its account based upon the Injunction Order. The Trust owns real property which it leases. The Trust cannot deposit or issue checks. As a result, the Trust cannot pay its debts and obligations. Most importantly, the Trust owes real estate taxes for 2025 which will become a lien on the property if unpaid. The Trust also owes the insurance premium on the trust property. The Injunction Order severely and improperly restricts the Trust from operating.[2]

(DN 98, p. 3). The Trust argues that imposition of the injunction in a case in which it has not been named as a defendant party denied it due process (*Id.* at pp. 5-6). The Trust notes that no hearing was held on the issue, and the order does not set forth findings of fact and conclusions of law pursuant to Fed. R. Civ. P. 65(d) (*Id.* at p. 7). The Trust argues that Plaintiffs have failed to demonstrate that they will suffer irreparable harm in the absence of injunctive relief (*Id.*). Additionally, the Trust observes that Plaintiffs have not challenged the validity of the Trust under KRS § 378A.020, the Kentucky Voidable Transfers Act (*Id.* at p. 6). In conclusion, the Trust asks that the Court relieve it from the injunctive order under Fed. R. Civ. P. 60(b)(4) (*Id.* at p. 8).

## Plaintiffs' Response

Plaintiffs assert that the appropriate civil rule governing the present motion is Fed. R. Civ. P. 54(b) which addresses modification of interlocutory orders, rather than Fed. R. Civ. P. 60(b) dealing with final judgments (DN 109, pp. 2-3). Plaintiffs do not contest that the Court granted injunctive relief against the Trust as a non-party without affording the Trust an opportunity to be heard. As to Howard, Adams, and Discount Motors, however, Plaintiffs note that they had

---

[1] The motion at hand seeks both leave to intervene and for relief from the injunction. The Court has already partially granted the motion at DN 110 permitting the Trust to make this limited appearance.
[2] Subsequent to its motion to set aside the injunctive order, the Trust filed DN 104, a motion for expedited leave to pay certain expenses related to the Trust's assets. The Court granted the motion at DN 110.

3

opportunity to object to the order and failed to do so (*Id.* at p. 3). Consequently, Plaintiffs advocate that, to the extent the injunctive order is lifted, it only apply to the Trust (*Id.* at pp. 3-6).

Discussion

The order granting injunctive relief is not a final disposition of the rights of the parties, and as such Rule 60(b) is not applicable. Rule 54(b) permits the Court to reconsider an interlocutory order. *Adkisson v. Jacobs Eng'g Grp., Inc.*, 36 F.4th 686, 694 (6th Cir. 2022).

Rule 52(a) states that "in granting. . . an interlocutory injunction, the court must state the findings and conclusions that support its action." FED. R. CIV. P. 52(a). The Court concurs with the Trust that the order granting injunctive relief, DN 74, fails to set forth the findings required by the Rule regarding the Trust. *See NACCO Materials Handling Group, Inc. v. Toyota Materials Handling USA, Inc.*, 246 Fed. Appx. 929, 946 (6th Cir. 2007). The question follows as to whether the order should be vacated in whole. Plaintiffs argue that only the Trust has challenged the order and thus any relief should likewise be limited to the Trust (DN 109, pp. 3-6). A party has standing to ask the Court to address matters directly related to the party's legal rights, but standing does not extend to raising another person's legal rights. *Allen v. Wright*, 468 U.S. 737, 751 (1984). Indeed, the Trust has asserted: "While Mr. Howard is a party, he is not a beneficiary of the Trust. As such, his interests are not aligned with the beneficiaries who should be permitted to defend the establishment of the Trust" (DN 98, pp. 4-5). Neither Howard, Adams, nor Discount Motors joined in the Trust's motion and, as noted earlier, none of the defendants objected or otherwise opposed the Plaintiffs' motion for injunctive relief when filed on April 1, 2025. As such, the validity of the order insofar as it relates to the defendants remains unchallenged, and the order is only modified to the extent it impacts the Trust.

**WHEREFORE**, the motion of intervenor Eddie T. Howard Irrevocable Trust, DN 98, to vacate the order granting injunctive relief (DN 74) is **GRANTED IN PART**. The Order is modified to remove restrictions upon the Trust and the requirement that the Trust disgorge any trust assets to a receiver. The Order otherwise remains in effect.

H. Brent Brennenstuhl
United States Magistrate Judge

January 21, 2026

Copies:  Counsel
Donald Adams, *pro se*
Cortney Michelle Skinner, *pro se*